Arrest on Out-of-District Offense

CR 03-295DAE-01

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

06 NOV 29 PM 12:14

CLERK, U.S. DISTRICT C[...]
SOUTHERN DISTRICT OF CALIF[...]

BY: _R_____ DEPUTY

### ARREST ON OUT-OF-DISTRICT OFFENSE

Magistrate Case Number: '06 MJ 2173

The person charged as __TATE, Monica Tamiye__ now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the _____ District of __Hawaii__

with __Title 18 USC 3583__

violation of __Supervised Release__

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 18 2006

at 4 o'clock and 30 min PM
SUE BEITIA, CLERK

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: __11/29/06__

Gerald Davis
(Name)
Deputy United States Marshal

Reviewed and Approved:
Dated: 11/29/06

_Rebecca Kanter_
Assistant United States Attorney

I hereby attest and certify on DEC 14 2006
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

NOV 28 2006  Case 3:06-mj-02173-HMA  Document 8  Filed 11/29/2006  Page 2 of 8   P.02/11

AO 442 (Rev. 10/03) Warrant for Arrest                       ORIGINAL         348341

# UNITED STATES DISTRICT COURT
## District of Hawaii

UNITED STATES OF AMERICA                    WARRANT FOR ARREST

V.                                                      Case Number: CR 03-00295DAE

MONICA TAMIYE TATE

(Name and Address of Defendant)

*RECEIVED 2006 APR 21 PM 4:30 U.S. MARSHALS SERVICE HONOLULU, HI*

To: The United States Marshal and any Authorized United States Officer

YOU ARE HEREBY COMMANDED TO ARREST MONICA TAMIYE TATE and bring him or her forthwith to the nearest district/ magistrate judge to answer a Probation/Supervised Release Violation Petition, charging him or her with (brief description of offense)

Order to show cause why supervision should not be revoked

in violation of Title United States Code, Section(s).

| Sue Beitia | Clerk U.S. District Court |
|---|---|
| Name and Title of Issuing Officer | Title of Issuing Officer |
| *[signature]* | APRIL 21, 2006 at Honolulu, Hawaii |
| Signature of Issuing Officer/Deputy Clerk | Date and Location |

Bail Fixed at No Bail Warrant        By: David Alan Ezra, United States District Judge

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| Date Received | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| Date of Arrest | | |

NOV 28 2006 16:48 FR USMS HAWAII    Case 3:06-mj-02173-JMA   Document 8   Filed 11/29/2006   Page 3 of 8    P.03/11

Prob 12C
(Rev. 1/06 D/HI)

**SEALED BY ORDER OF THE COURT**

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 21 2006

at 3 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. MONICA TAMIYE TATE, aka Monica Santos,   Docket No. CR 03-00295DAE-01
Monica Powell, Merle Tate, Renee Santos, and Monica Christine Tamiye Tate

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW FITUINA F. TUA, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MONICA TAMIYE TATE who was placed on supervision by the Honorable Sol Blatt, Jr., sitting in the Court at Charleston, South Carolina, on the 28th day of June 1999, who fixed the period of supervision at 5 years as to each of Counts 1-7, and 3 years as to Count 8, each term to run concurrently, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall pay restitution in the amount of $4,339.94 to the victims.

2. The defendant shall attend and participate in a program of mental health treatment as directed by the U.S. Probation Officer until released from the program by the U.S. Probation Officer.

3. The defendant shall participate in a program of testing and treatment for substance abuse as directed by the U.S. Probation Officer until such time as she is released from the program by the U.S. Probation Officer.

Modification: On 1/4/2002, the U.S. District Court, District of South Carolina, modified the special conditions of supervised release as follows: Ms. Tate is restricted from having in her possession any credit cards, nor should she have any checking accounts or be permitted to write any checks. She shall not incur any credit during the period of supervision, and agrees to disclose to and provide the Probation Officer with any and all financial records requested, and she will be bared from any employment in a fiduciary capacity.

Transfer of Jurisdiction: On 6/9/2003, Transfer of Jurisdiction was filed transferring jurisdiction from the District of South Carolina to the District of Hawaii and the case was assigned to U.S. District Judge David Alan Ezra under CR 03-00295DAE-01.

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____
Deputy

NOV 28 2006  Case 3:06mj-0973 HAWAII  Document 8  Filed 11/29/2006  Page 5 of 8   P.04/11

Prob 12C
(Rev. 1/06 D/HI)

2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her Supervised Release (Probation Form 7A attached) as follows:

1. The offender failed to notify the Probation Office 10 days prior to any change in residence and employment, as the offender's whereabouts are unknown, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    4/19/2006

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 19th day of April, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:  TATE, Monica Tamiye, aka Monica Santos, Monica Powell
     Merle Tate, Renee Santos, and Monica Christine Tamiye Tate
     Criminal No. CR 03-00295DAE-01
     **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

On 6/28/99, the offender was sentenced for the following offenses: Counts 1-7 - Bank Fraud, Class B felonies and Count 8 - Possession of Stolen Green Card, a Class C felony. The offender was sentenced to five (5) months imprisonment as to each of Counts 1-8, with each term to run concurrently. Said five (5) months sentence to run concurrently with any state sentence the defendant was serving. While in prison, the defendant was ordered to pay a special assessment fee of $800. Any remaining special assessment fee was ordered to be paid in eight monthly installments of $100 per month to begin two (2) months after defendant is released from incarceration. Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years as to each of Counts 1-7, and three (3) years as to Count 8, each term to run concurrently. Special conditions of supervised release were also imposed and is noted on the facesheet of the petition.

On 4/25/2003, the offender commenced supervised release and was oriented to the supervised release conditions. The offender signed the Probation Form 7A acknowledging full understanding of the terms and conditions of supervised release. The offender appears to have absconded from supervision. The offender's supervision adjustment is evaluated as poor. The violation is as follows:

**Violation No. 1 - Offender Failed to Notify the Probation Office 10 Days Prior to any Change in Residence and Employment:** On 3/14/2006, we sent a letter to the offender's last known address instructing her to report to the Probation Office on 3/20/2006. When the offender failed to report as instructed on 3/20/2006, we contacted her home and cellular phone and learned that they were no longer in service. We contacted her last known employer, Prudential Advantage Realty, and learned that the offender was no longer employed there. On 3/29/2006, we contacted the offender's state probation officer and learned that the offender also missed a recent office appointment. On 3/30/2006, we visited the offender's last known residence and learned from the new tenants that they had moved into the residence in January 2006. On 4/6/2006, the offender's father reported that the offender had moved away with an acquaintance who visited her in December 2005. The father did not know of the offender's whereabouts as she left her children with them to care for. The father also stated that the offender terminated her employment and left with an old friend.

It should be noted that our last contact with the offender was in December 2005. At that time, the offender's adjustment on supervision appeared to be stable as she maintained a stable employment, a stable residence, a stable relationship with her children as a single parent, and a stable relationship with her parents who resided across the street from her in Hawaii Kai. Since the offender had recently satisfied her restitution, the offender was placed on a quarterly reporting schedule. The offender has been on supervision since

Re:  TATE, Monica Tamiye, aka Monica Santos, Monica Powell
     Merle Tate, Renee Santos, and Monica Christine Tamiye Tate
     Criminal No. CR 03-00295DAE-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 2

4/25/2003. Because the offender is not available for supervision, we recommend that a No Bail warrant be issued for her arrest.

Respectfully submitted by,

*[signature]*

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

*[signature]*

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FFT/pts

Re: TATE, Monica Tamiye, aka Monica Santos, Monica Powell
Merle Tate, Renee Santos, and Monica Christine Tamiye Tate
Criminal No. CR 03-00295DAE-01
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

### NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.