Prob 12C Amended 1
(Rev. 3/06 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 4 2007

at 2 o'clock and 45 min. P M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. <u>MONICA TAMIYE TATE, aka Monica Santos,</u>  Docket No. <u>CR 03-00295DAE-01</u>
<u>Monica Powell, Merle Tate, Renee Santos, and Monica Christine Tamiye Tate</u>

### AMENDED REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

   COMES NOW FITUINA F. TUA, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MONICA TAMIYE TATE who was placed on supervision by the Honorable Sol Blatt, Jr., sitting in the Court at Charleston, South Carolina, on the 28th day of June 1999, who fixed the period of supervision at 5 years as to each of Counts 1-7, and 3 years as to Count 8, each term to run concurrently, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.   The defendant shall pay restitution in the amount of $4,339.94 to the victims.

2.   The defendant shall attend and participate in a program of mental health treatment as directed by the U.S. Probation Officer until released from the program by the U.S. Probation Officer.

3.   The defendant shall participate in a program of testing and treatment for substance abuse as directed by the U.S. Probation Officer until such time as she is released from the program by the U.S. Probation Officer.

   **Modification**: On 1/4/2002, the U.S. District Court, District of South Carolina, modified the special conditions of supervised release as follows: Ms. Tate is restricted from having in her possession any credit cards, nor should she have any checking accounts or be permitted to write any checks. She shall not incur any credit during the period of supervision, and agrees to disclose to and provide the Probation Officer with any and all financial records requested, and she will be barred from any employment in a fiduciary capacity.

   **Transfer of Jurisdiction**: On 6/9/2003, Transfer of Jurisdiction was filed transferring jurisdiction from the District of South Carolina to the District of Hawaii and the case was assigned to U.S. District Judge David Alan Ezra under CR 03-00295DAE-01.

Prob 12C Amend 1
(Rev. 3/06 D/HI)

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the petition for Request for Course of Action dated 4/19/2006 and filed on 4/21/2006 include the following additional violation(s):

2.   That on 10/18/2006, Ms. Tate pled guilty and was sentenced in San Diego Superior Court, North County, California, for Count 1:  Penal Code 530.5(a) - Use Personal Identifying Information of Another; Count 7:  Penal Code 530.5(a) - Use Personal Identifying Information of Another; Count 8:  Penal Code 470(d) - Forgery of Checks, Money Order, Traveler's Checks, Etc.; and Count 14:  Penal Code 459 - Second Degree Burglary, all in violation of the Penal Code of the State of California and the General Condition.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action dated 4/19/2006 and filed on 4/21/2006 be amended to include the additional violation(s).

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] That the Request for Course of Action dated 4/19/2006 and filed on 4/21/2006 be amended to include the additional violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    1/23/2006

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C Amend 1
(Rev. 3/06 D/HI)

3

# ORDER OF COURT

THE COURT ORDERS that the Request for Course of Action dated 4/19/2006 and filed on 4/21/2006 be amended to include the additional violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 23rd day of January, 2007, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:  **TATE, Monica Tamiye, aka Monica Santos, Monica Powell,**
 **Merle Tate, Renee Santos, and Monica Christine Tamiye Tate**
 **Criminal No. CR 03-00295DAE-01**
 **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 4/21/2006, the Court issued a supervised release warrant for the offender's arrest as it appeared that she absconded from supervision. Subsequently, on 6/28/2006, we learned that the offender was arrested in San Diego, California, for new criminal offenses. On 10/18/2006, the offender pled guilty to the offenses charged in this petition. The offender was sentenced on 11/16/2006 to four (4) years imprisonment with the term of imprisonment to be stayed. The offender was given credit for time served of two hundred twenty-two (222) days imprisonment. The Court also imposed three (3) years probation and a fine of $200 and restitution of $1,853.00. The offender was released to the custody of the U.S. Marshals Services on the supervised release warrant. It is noted that the offender entered into a Plea Agreement in which 22 of the 26 counts were dismissed in exchange for her plea of guilty to the four counts charged in Violation No. 2.

**Violation No. 2** is as follows:

**Count 1: PC530.5(a) - Use Personal Identifying Information of Another:** On or about and between 2/26/2006 and 3/21/2006, the offender did willfully and unlawfully obtain personal identifying information of another person, and used that information for an unlawful purpose, to wit, used the victim's name and debit card information to fraudulently make purchases and to send money by wire, in violation of Penal Code Section 530.5(a) of the State of California. According to the presentence report of the San Diego County Probation Department, on 3/20/2006, the victim attempted to use her debit card, but the transaction was declined. The following day, she went to her bank and was informed of four unauthorized deductions from her checking account. The police investigation revealed that on 3/23/2006, Western Union deducted $328.99 from the victim's account (Count 1). In addition, the victim received letters from Citibank and First Premiere Bank indicating someone had attempted to order a credit card in her name.

The offender made a statement to the Oceanside Police Department on 6/22/2006, that the victim of the offense charged in Count 1 was a friend that she met through her boyfriend, Marcus Gomillion. She did not like the identified victim because she felt that the victim was involved in a fraudulent real estate transaction conducted in Gomillion's name. The offender stated that there was an occasion when the victim asked the offender to hold her purse. While holding the victim's purse, the offender looked inside the purse and memorized the victim's debit card number. The offender said that she later used that number to pay for services at the website MyFamilyTree.com, and to make wire transfers to Llasa Lerat in Canada and to Bryan Williams in South Carolina. These transfers were made to provide money to the offender's friend, Paris Lerat. When further questioned as to why she used her friend's (Farnaz Navaei's) account number to commit crimes instead of someone she did not know, the offender stated that, "Because I hate her."

Re:   **TATE, Monica Tamiye, aka Monica Santos, Monica Powell,**
      **Merle Tate, Renee Santos, and Monica Christine Tamiye Tate**
      **Criminal No. CR 03-00295DAE-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

The offender provided police with specific details of each unlawful transaction, while using her wireless Gateway laptop computer. During one of the wire transfers, the offender was inside the residence of the Count 1 victim and used her wireless router to connect to the Internet. The offender stated that she had a key to this victim's residence. The offender waited in the victim's residence alone while waiting for the victim's furniture to be delivered. The offender also admitted to applying for two credit cards in this victim's name.

**Count 7:  PC530.5(a) - Use Personal Identifying Information of Another and Count 8:  PC470(d) - Forgery of Checks, Money Order, Traveler's Checks, Etc.:** As to Count 7 - On or about 2/24/2006, the offender did willfully and unlawfully obtain personal identifying information of another person, and used that information for an unlawful purpose, to wit, fraudulently cashed $55.98 check (Check No. 5052) at Kitchen Collection on the account name and number of the victim, in violation of Penal Code Section 530.5(a) of the State of California. As to Count 8 - On or about 2/24/2006, the offender did unlawfully, with intent to defraud, falsely make, alter, forge and counterfeit, utter, publish, pass and attempt and offer to pass, as true and genuine a check, draft and order for the payment of money in the sum of $55.98, Check No. 5052, knowing the same to be false, altered, forged, and counterfeited, in violation of Penal Code Section 470(d), to wit, fraudulently cashed $55.98 check (Check No. 5052) at Kitchen Collection on the account name and number of the victim.

According to the presentence report, on 3/10/2006, the victim reported to the Murrieta police that someone had unlawfully used his checking account number to create eight fictitious checks, where it was later passed at businesses in Oceanside and Carlsbad. An investigation revealed that the offender entered businesses in Oceanside and Carlsbad on eight separate occasions between 2/24/2006 and 3/1/2006, each time passing a counterfeit check to purchase goods or services. Each check bore the victim's checking account number on the bottom and had the offender's name printed on the top. As the result of passing the counterfeit checks, the victim's checking account was debited for a total of $716.21.

During seven of the transactions, the offender verbally provided the clerk that accepted the checks with a Hawaii driver's license number assigned to Liann Santos, the offender's sister. The offender admitted that her sister did not give her permission to use her identification number. The sister was later contacted by police and stated that she did not know that the offender was using her driver's license number or social security number to commit crimes. She has never given the offender permission to do so.

When questioned about the counterfeit checks used during the commission of the offense charged as Counts 7 and 8, the offender admitted obtaining the victim's checking account number from her former employer, Prudential Real Estate. The offender admitted

Re:    **TATE, Monica Tamiye, aka Monica Santos, Monica Powell,**
       **Merle Tate, Renee Santos, and Monica Christine Tamiye Tate**
       **Criminal No. CR 03-00295DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

using the victim's checking account number and printed several counterfeit checks. The offender passed the checks at Victoria's Secret, Albertsons, Vons, Polo, a kitchen store, and Staples. The offender also admitted passing additional counterfeit checks with someone else's account number printed on them. The offender used one of these checks to purchase a wide screen T.V. that was mounted on the wall in her apartment.

Regarding the counterfeit checks, the offender stated that she worked as an account manager at Prudential in Hawaii. She quit working there on 12/16/2005 because the owner of the business did not invite her to lunch one day. This offended her so she walked out as a result and never returned. The offender then moved to California and began living with her boyfriend, Mr. Gomillion. While working for Prudential, the offender had access to Timothy Johnson's banking account information, which she forwarded to her personal e-mail account. Johnson's information was in Prudential's system because he purchased a condominium in Hawaii that had yet to be built. The offender had 12 sheets of blank checks and may have printed up to 12 counterfeit checks bearing Johnson's account number. The offender verbally provided one store clerk with her sister's Hawaii identification (ID) number, representing it to be her own, informing the clerk that she often had trouble with check verification services declining her checks with the one ID number. She stated that should it happen, the clerk was to use the offender's other ID number and it would go through. The offender admitted that her sister did not give her permission to use her ID number.

**Count 14:  PC459 - Second Degree Burglary:** On or about 2/27/2006, the offender did unlawfully enter a building occupied by Victoria's Secret with the intent to commit theft, in violation of Penal Code Section 459, to wit, fraudulently cashed $151.93 check (Check No. 5088) at Victoria's Secret on the account name and number of the victim.

The offender is currently in the custody at the U.S. Marshals Service in California pending her return to this district for the revocation proceedings. Because the offender is being held on the No Bail warrant issued pursuant to the initial revocation petition, the issuance of a warrant is not necessary at this time. However, it is recommended that the

Re:    **TATE, Monica Tamiye, aka Monica Santos, Monica Powell,**
　　　 **Merle Tate, Renee Santos, and Monica Christine Tamiye Tate**
　　　 **Criminal No. CR 03-00295DAE-01**
　　　 **REVOCATION OF SUPERVISED RELEASE**
　　　 **STATEMENT OF FACTS - Page 4**


Request for Course of Action dated 4/19/2006 and filed on 4/21/2006 be amended to include the additional violation(s).

　　　　　　　　　　　　　　　　　　　Respectfully submitted by,


　　　　　　　　　　　　　　　　　　　FITUINA F. TUA
　　　　　　　　　　　　　　　　　　　Senior U.S. Probation Officer


Approved by:


GENE DeMELLO, JR.
Supervising U.S. Probation Officer


FFT/pts

Re:  **TATE, Monica Tamiye, aka Monica Santos, Monica Powell,**
   **Merle Tate, Renee Santos, and Monica Christine Tamiye Tate**
   **Criminal No. CR 03-00295DAE-01**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 5**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

Ms. Tate shall notify the Probation Office of any contemplated employment and shall obtain approval from the Probation Office for all employment.  Ms. Tate shall obtain approval from the Probation Office prior to any promotion or change of job duties and provide a written job description.  Unless Ms. Tate is self-employed, she is prohibited from employment in any capacity wherein she has custody, control, or management of her employer's funds.  Ms. Tate shall be prohibited from employment such as a receptionist, customer service representative, a cashier, and any employment in a fiduciary capacity. Additionally, as a condition of any employment, Ms. Tate must use her true legal name, identifying information, and personal mailing address.

Ms. Tate is restricted from having in her possession any credit cards, nor should she have any checking accounts or be permitted to write any checks.  She shall not incur any credit during the period of supervision, and agrees to disclose to and provide the Probation Office with any and all financial records requested.

As directed by the Probation Office, Ms. Tate shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant.  In addition, she shall provide federal and state income tax returns as requested by the Probation Officer.

The defendant shall provide the Probation Officer a copy of each month's monthly telephone and/or cellular telephone records.